ISAAC F. WOODBURY & another *vs.* ANDREW J. POST & another.

Suffolk.   November 28, 1892. — January 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Contract — Indemnity — Declaration — Demurrer.*

A., a contractor engaged in erecting a building, and B., an independent contractor engaged in doing certain work on the building, entered into an agreement in writing, by which B. was allowed to use A.'s engines and derricks at the build- ing at a certain rate of compensation, and which contained the following pro- vision : " If any injury shall be occasioned to any person or property while you [B.] are using such engines or derricks, or as a result of such use, you [B.] are to indemnify us [A.] against any damage or expense by reason of the same, not- withstanding the condition of the engine, derrick, or appliances, or the negligence of our [A.'s] employees upon the derrick or engine, may have caused or contributed to the injury." Owing to the defective condition of one of the derricks, while B. was using it, an employee of A., who was not working upon the derrick, was injured, and A. paid him a certain sum in settlement of his claim for such injury. *Held,* in an action upon the agreement, that B. undertook to indemnify A. against the expense incurred by him in his settlement with the injured person.

A declaration containing two counts alleged, in the first count, that the plaintiff was en- gaged as a contractor in erecting a building, and owned certain derricks and their appliances used in the construction of the building; that the defendant was en- gaged as an independent contractor in doing certain work on the building ; that the plaintiff and the defendant entered into a valid written contract, a copy of which was annexed ; that on a certain day, while the contract was in full force, and while the defendant was using one of the derricks, the derrick and its appliances broke and gave way, and injured certain persons named; that the breaking and giving way of the derrick and its appliances were caused by their unsafe and defective condition, of which the plaintiff knew, or by the exercise of due care ought to have known; that the injured persons did not know, and by the exercise of reasonable diligence and care would not have known, of such condition of the derrick and its appliances ; that the plaintiff, knowing that the defendant was using the derrick, negligently ordered and allowed the injured persons to work for the plaintiff in a place that was dangerous owing to the condition of the derrick and its appliances, and their use by the defendant in that condition, and did not warn the injured persons of their danger; that the injuries were caused by such negli- gence of the plaintiff; that the injured persons were in the exercise of due care, and were regularly performing the duties of their employment as employees of the plaintiff; that the plaintiff was legally liable to the injured persons for all such injuries sustained by them ; that the plaintiff, being threatened with suits by the injured persons, paid each a certain sum by way of compromise and in settlement of their claims ; that the plaintiff gave the defendant immediate notice of the accident, and of his liability therefor, under the contract between them ; that the defendant refused to settle the claims, and the plaintiff, before settling them, gave reasonable notice to the defendant of his intention so to settle them ; and that the defendant owed the plaintiff the amount so paid in such settlements.

The second count was similar to the first, except that, in the allegations of knowledge of the condition of the derrick and of negligence, the plaintiff's "superintendent" (*without naming him*) was substituted for the plaintiff himself.  By the contract annexed to the declaration, the defendant was allowed to use the plaintiff's engines and derricks at the building at a certain rate of compensation; and it contained the following provision: "If any injury shall be occasioned to any person or property while you [the defendant] are using such engines or derricks, or as a result of such use, you [the defendant] are to indemnify us [the plaintiff] against any damage or expense by reason of the same, notwithstanding the condition of the engine, derrick, or appliances, or the negligence of our [the plaintiff's] employees upon the derrick or engine, may have caused or contributed to the injury." *Held*, on demurrer, that the declaration set out a good cause of action.

CONTRACT.   The declaration contained two counts, the first of which was as follows:

"And the plaintiffs say that on or about October 16, 1890, they were engaged as contractors in erecting a building known as the new Public Library building, in Boston, in said county of Suffolk; that at and about said date they were owners of certain derricks and the appliances of said derricks, used in the construction of said building; that on and about said sixteenth day of October, 1890, the defendants were engaged as independent contractors in placing iron roof trusses in said building; that on or about June 13, 1890, the defendants entered into a good and valid written contract with the plaintiffs, by means of certain letters, copies of which are hereto annexed and made a part of this declaration; that on and about said sixteenth day of October, 1890, the aforesaid contract was in full force and binding upon said parties; that on said sixteenth day of October, 1890, while the defendants were using one of said derricks, said derrick and its appliances (and especially a pair of sister hooks, which were connected with and helped to support one of the guy ropes of the derrick so in use by the defendants) broke and gave way, and by so breaking and giving way caused bodily injuries to Christopher C. Grover, from which he died, and caused great bodily injuries also to Daniel Marr and to J. H. Mills; that said breaking and giving way of said derrick and its appliances were caused by the unsound, unsafe, and defective condition of said derrick and its appliances, of which unsound, unsafe, and defective condition the plaintiffs well knew, or by the exercise of due care ought to have known; that said injured parties did not know, and by the exercise of reasonable diligence and care would not have

known, of said unsound, unsafe, and defective condition; that the plaintiffs knew, or ought to have known, that the use by the defendants of said derrick in said condition would cause injury to persons working near said derrick, but that the plaintiffs, well knowing that the defendants were using or were about to use said derrick, negligently ordered and allowed said injured parties to work for them in a place that was dangerous, owing to said unsound, unsafe, and defective condition of said derrick and its appliances, and owing to the use by the defendants of said derrick and appliances in the condition aforesaid, and did not warn said injured parties of the danger; that the injuries aforesaid were caused by the negligence of the plaintiffs in so ordering and allowing said parties to work in a dangerous place as aforesaid, and by the negligence of the plaintiffs in not warning said injured parties of the danger of working near said derrick, while it was being operated by the defendants as aforesaid; that all these injured parties, at the time of their injuries aforesaid, were in the exercise of due care, and were regularly performing the duties of their employment, as employees of the plaintiffs; that the plaintiffs were legally liable to said injured parties for all injuries sustained by them as aforesaid; that the widow and administrator of said Grover, and the said Marr and Mills, gave notice of their said injuries to the plaintiffs, demanded payment for their injuries, and threatened to sue to recover for the same; that the plaintiffs, within twenty-eight days after said accident, paid by way of compromise, and in order to settle the aforesaid claims, and in order to secure releases from the aforesaid parties, to the widow and administrator of said Christopher C. Grover, sixteen hundred dollars; to said Daniel Marr, two hundred dollars; to said J. H. Mills, thirty-seven dollars and fifty cents; and these sums were reasonable amounts to pay in settlement of said claims. And the plaintiffs say that immediately after the aforesaid accident they gave notice to the defendants that the accident had happened as aforesaid, and that the defendants were liable therefor under their contract of indemnity; that the defendants refused to settle the claims, and the plaintiffs, before settling the claims as aforesaid, gave reasonable notice to the defendants that they intended so to settle them.

" Wherefore the plaintiffs say the defendants owe them

$1,837.50, with interest thereon from December 1, 1890, at or before which date they demanded payment of the defendants, together with attorneys' fees and sundry expenses necessary and incidental to the aforesaid settlements."

The second count was similar to the first, except that, in the allegations of knowledge of the condition of the derrick and of negligence, the word " superintendent " (without naming him) was inserted after the word " plaintiffs."

The material portions of the copies of letters annexed to the declaration were as follows:

" Boston, June 7, 1890.  Messrs. Post and McCord, New York. Dear Sirs, — We will allow you to use our engines and derricks at the Public Library at the price of one dollar for an engine and derrick for a time not exceeding one hour, and at the rate of one dollar per hour for any longer period.  This arrangement to continue while we are using derricks at the Library.  If any injury shall be occasioned to any person or property while you are using such engines or derricks, or as a result of such use, you are to indemnify us against any damage or expense by reason of the same, notwithstanding the condition of the engine, derrick, or appliances, or the negligence of our employees upon the derrick or engine, may have caused or contributed to the injury. Please reply at an early date if you accept our proposition. Yours respectfully, Woodbury and Leighton."

" Boston, June 12, 1890.  Messrs. Woodbury and Leighton, Boston, Mass.  Dear Sirs, — Yours of June 7 is received and noted. We accept your propositions for use of derricks at the Boston Public Library, and agree to assume all responsibility.  Yours truly, W. H. Howarth.  Post and McCord."

" New York, June 13, 1890.  To Messrs. Woodbury and Leighton, 164 Devonshire Street, Boston, Mass.  Gentlemen, — In reply to your favor of 7th inst., we beg to accept your proposition contained therein for the use of engines and derricks at the Boston Public Library building, under the conditions named.  Very truly yours, Post and McCord."

The defendants demurred separately to each of the counts in the declaration, and assigned the following causes of demurrer: " 1.  That it does not appear in the said count that the plaintiffs incurred or sustained any damage or expense, or were in any

way damnified, by reason of any matter specified in the contract therein mentioned. 2. That it appears in the said count that the damage and expense (if any) incurred or sustained by the plaintiffs, in respect of any matter therein alleged, were caused by the negligence therein specified of the plaintiffs or their servant therein mentioned, who was not one of their employees mentioned in the said contract. 3. That it appears by the said count that the damage and expense (if any) incurred or sustained by the plaintiffs, in respect of any matter therein alleged, would not have been incurred or sustained but for the negligence therein specified of the plaintiffs, or their servant therein mentioned, who was not one of their employees mentioned in the said contract. 4. That the said count does not allege that the plaintiffs, or their superintendent, had any knowledge of the supposed unsound, unsafe, or defective condition of the derrick and its appliances, but alleges only in the disjunctive that the plaintiffs (in the first count) and their superintendent (in the second count) knew, or by the exercise of due care ought to have known, of such condition, and, without alleging any circumstances creating any duty to ascertain the condition of such derrick or its appliances, while it was used by the defendants. And as to the second count also: 5. That the said count does not specify the name of the plaintiffs' superintendent therein mentioned, or allege any excuse for such omission."

In the Superior Court the demurrer was sustained, and judgment ordered for the defendants; and the plaintiffs appealed to this court.

*J. Lowell, Jr.*, for the plaintiffs.

*J. L. Thorndike*, for the defendants.

BARKER, J. 1. We construe the defendants' undertaking to be that they should indemnify the plaintiffs against any damage or expense resulting to them by reason of any injury to any person or property while the defendants were using the engines and derricks, as well as against any damage or expense which should be the result of such use. The clause " notwithstanding the condition of the engine, derrick, or appliances, or the negligence of our [plaintiffs'] employees upon the derrick or engine, may have caused or contributed to the injury," does not limit the indemnity to damages and expenses caused by the condition of the engine,

derrick, and appliances, or the negligence of those employed upon the derrick or engine. Its purpose and effect were to make it clear that those circumstances, which if no such clause had been inserted might have been claimed to defeat the right to indemnity, were not to impair the plaintiffs' right. The clause negatives possible exceptions which might in effect be read into the contract by the application of principles of law, unless the parties made it certain that indemnity from the result of all injuries, however occurring, was expressly stipulated. This construction of the contract disposes of the second and third causes of demurrer, which proceed upon the theory that the defendants did not undertake to indemnify the plaintiffs against injuries resulting from their own negligence, or that of any of their servants except those employed upon the derrick or engine. The contract is like one of insurance, and the doctrines applied in actions for negligence have no further application than in determining whether a liability of the plaintiff to the persons injured is well pleaded.

2. Each count states substantive facts which show that the plaintiffs sustained damage for which the defendants agreed to indemnify them, and that the defendants have broken the contract. In the first count there are allegations well pleaded that injuries were occasioned to persons named while the defendants were using one of the derricks, and substantive facts are stated which show that the plaintiffs were liable to those persons for the injuries so sustained, so that it is unnecessary to consider whether the allegation "that the plaintiffs were legally liable to said injured parties for all injuries sustained by them as aforesaid" may not be treated as a statement of a fact, rather than as a conclusion of law. These facts, from the proof of which the liability of the plaintiffs to the injured persons follows, are that they were employees of the plaintiffs engaged in work in the course of their employment; that they were injured by the breaking of the derrick and its appliances; that they were in the exercise of due care; that the breaking was due to the unsafe and defective condition of the derrick and appliances; that the persons injured did not know, and in the exercise of due care would not have known, and that the plaintiffs knew or ought in the exercise of due care to have known, this unsafe and defective

condition ; that the plaintiffs knew or ought to have known that the use of the derrick would cause injury to persons working near it,·and negligently and without warning ordered and allowed the injured persons to work in a place dangerous because of the unsafe and defective condition of the derrick and its appliances. These facts show a liability at common law to the persons injured. In the second count, similar allegations, substituting the knowledge and negligence of the plaintiffs' superintendent for that of the plaintiffs themselves, show a statutory liability. Even if for the time being the derrick and its appliances were not tools or machinery of the plaintiffs, because in use by the defendants, enough is stated in each count to show a liability of the plaintiffs to the persons injured, because a breach of their duty to use due care to furnish their employees a reasonably safe place in which to work is well pleaded.

3. The second count is not open to demurrer for not stating the name of the superintendent. The substantive facts to be pleaded were that a person in the plaintiffs' service, intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence, knew, or was negligent; his name was immaterial, and was not, in the connection in which the allegation stood, essential to the substantial certainty of the facts alleged.     *Judgment set aside.  Demurrer overruled.*