BAY STATE STREET RAILWAY COMPANY *vs.* NORTH SHORE NEWS COMPANY.

Norfolk.   October 21, 1916. — May 23, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Of indemnity, Construction, Validity.

A contract made by a news company that, in consideration of the exclusive privilege of selling papers on all cars operated by a certain street railway company, it will, besides making certain payments in money, indemnify the street railway company for all loss or damage suffered on account of injuries received by newsboys in the employ of the news company "while boarding, riding upon or leaving the cars of the street railway company, or while on or about its tracks" includes indemnity for the satisfaction of an execution issued against the street railway company, in an action brought against it by a newsboy employed by the news company who was kicked in the stomach by a conductor on a car of the street railway company when he was on the top step going into the car holding the two handles and was thrown to the ground and injured, and indemnity for expenses incurred by the street railway company in defending such action.

The liability of the news company under the unambiguous terms of the contract described above was *held* not to be affected by a provision in the contract that the news company should take out insurance to protect both companies from loss on account of "injuries to the employees of the news company on or about the cars and tracks of the street railway company," even if the liability described by the clause last quoted was not so broad.

An agreement by a news company to save harmless a street railway company "from all loss, cost or damage on account of injuries received by newsboys in its [the news company's] employ or wearing its badge while boarding, riding upon or leaving the cars of the street railway company, or while on or about its tracks," is valid.

CONTRACT on a contract in writing to indemnify the plaintiff for all loss suffered by it on account of injuries to newsboys in the employ of the defendant, which is described more particularly below.   Writ dated April 27, 1914.

In the Superior Court the case was submitted to *Chase,* J., upon an agreed statement of facts as follows:

On July 1, 1911, the Boston and Northern Street Railway Company, now the Bay State Street Railway Company, the name having been changed by act of the Legislature, entered into an agreement with the North Shore News Company. Under this agreement the street railway company granted to the news company the exclusive privilege of selling papers on all cars operated by the street railway company during the term of five years from the first day of July, 1911, upon certain terms and conditions.

Paragraph four of the agreement was as follows: "4. That the said payments are made solely in consideration of the privilege herein granted and not as fares for newsboys in the employ of the News Company, who shall not be considered passengers for hire. And it is understood and agreed that the Street Railway Company shall not be liable to such employees of the News Company for injuries whether resulting or not from the negligence of the Street Railway Company, its officers, agents or servants. And the News Company hereby assumes and agrees to save the Street Railway Company harmless from all loss, cost or damage on account of injuries received by newsboys in its employ or wearing its badge while boarding, riding upon or leaving the cars of the Street Railway Company, or while on or about its tracks. And the News Company agrees to pay all cost and expense incurred by the Street Railway Company in defending any suits brought against it for damages for such injuries, as well as the amount of all damages, if any, recovered from the Street Railway Company for such injuries."

Paragraph six of the agreement was as follows: "6. That the News Company, and every assignee or transferee of the privilege herein granted or any part thereof, shall carry, in some company or companies approved by the Street Railway Company, insurance against liability for injuries to the employees of the News Company on or about the cars and tracks of the Street Railway Company, such insurance to be written in such form as to protect both the News Company and the Street Railway Company from loss on account of liability for such injuries. The policies of insurance shall be filed with the General Auditor of the Street Railway Company, and shall be in form satisfactory to him, and in such amount as he shall from time to time require."

On or about March 20, 1913, one David Higgins of Chelsea, a newsboy in the employ of the defendant, by his next friend, Thomas Higgins, brought an action in the Superior Court against the Bay State Street Railway Company, alleging in the declaration that the plaintiff was a newsboy and while on a car of the defendant was kicked by one of the agents or servants of the defendant and injured severely. The second count of the declaration alleged that the newsboy was assaulted by the defendant, its agents or servants by being kicked.

The defendant appeared by its attorneys, filed a general denial and moved for specifications, and the plaintiff specified, as the time and place of the acts alleged in the declaration, February 12, 1913, on Broadway near Clinton Street, Chelsea, at about half past four in the afternoon. On July 10, 1913, the defendant propounded thirty-six interrogatories to the plaintiff, in answer to some of which the plaintiff said in substance that he was on the top step going into the car holding the two handles, when he was kicked in the stomach by the conductor and was thrown to the ground upon the pavement and injured; that he could not state how many persons were on the car because he did not have time to see before he was kicked off the car by the conductor. At the time the injuries were received David Higgins was boarding the car for the purpose of selling newspapers for the defendant.

Due notice was given to the North Shore News Company to come in and defend the action, and on January 23, 1914, Blodgett, Jones, Burnham and Bingham, Esquires, attorneys for the North Shore News Company, entered their appearance for the defendant, which they withdrew, however, on January 30. On February 24, 1914, the case was tried before a jury, who found, in answer to a special question, that the defendant's conductor actually did kick the plaintiff, David Higgins, in the stomach, so that the conductor's foot came in such forcible contact with his person that his hold on the car was broken and he was knocked into the street. They assessed damages for the plaintiff in the sum of $800. Costs were taxed amounting to $53.05. Upon the judgment execution issued, which was paid by the Bay State Street Railway Company, the entire amount of the execution being $857.85, including interest.

In the defence of this action the Bay State Street Railway Com-

pany incurred other expenses for attorneys' fees, medical testimony, and other necessary assistance, amounting to $681.99, making the total amount paid on account of this case $1,539.84, of which the Street Railway Company demanded payment from the news company on April 2, 1914.   Payment was refused, and the street railway company thereupon brought this action.

It was agreed that the court might draw any proper inferences of fact from this agreed statement.

Upon the above agreed statement of facts the judge found for the plaintiff in the sum of $1,611.79.   From the judgment ordered by the judge in accordance with this finding the defendant appealed.

*H. V. Cunningham,* for the defendant.

*W. D. Turner,* for the plaintiff.

LORING, J.   1. We are of opinion that the injury to Higgins was within the contract by which the defendant agreed to save the plaintiff "harmless from all loss, cost or damage on account of injuries received by newsboys in its employ . . . while boarding, riding upon or leaving the cars of the Street Railway Company."   The unambiguous terms of this agreement are not to be cut down by the fact (if it is a fact) that the policy which the defendant (by paragraph 6) was to carry for the plaintiff's benefit was not so broad.

2.   The agreement here sued on is nothing more and nothing less than an agreement insuring the plaintiff against liability to newsboys "while boarding, riding upon or leaving the cars of the" plaintiff.   Of its validity there can be no question.   In his argument to the contrary the learned counsel for the defendant has overlooked the fact that the agreement is not with the newsboys but with a third person, to wit, the newsboys' employer.

*Judgment affirmed.*