BOSTON AND MAINE RAILROAD *vs.* T. STUART AND SON COMPANY.

Middlesex.    January 12, 1920. — May 26, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Contract*, Of indemnity, Performance and breach. *Negligence*, Of contractor in elimination of grade crossing. *Pleading, Civil*, Demurrer. *Practice, Civil*, Case stated, Report.

A railroad corporation, ordered by a decree under St. 1906, c. 463, Part I, §§ 29 *et seq.*, to abolish a crossing at grade with a highway, made an agreement in writing with a contractor to perform the work, the contractor agreeing to indemnify and save the railroad corporation harmless from all claims on account of injury caused by its acts or omissions to persons or property of others. One,

who in the night time fell over a stake placed by the contractor, brought actions against the railroad corporation and the contractor, and the railroad corporation gave the contractor notice and an opportunity to defend the action against it. At the trial of the actions the plaintiff contended that the defendants were liable because the stake was left protruding and because it was left unprotected and unlighted. The jury found only that there was negligence in leaving the stake unprotected and unlighted, and found for the plaintiff in both actions. *Held*, that

(1) The contractor, having been notified and given an opportunity to defend the action against the railroad corporation, was concluded as to all questions determined therein which were incident to a right of the railroad corporation to recover upon the agreement of indemnity;

(2) The negligence which the jury found caused the injury was negligence which, as between the railroad corporation and the contractor, was negligence solely of the contractor;

(3) The express language of the contract of indemnity did not require that it should be construed as one indemnifying the railroad corporation against the consequences of its own negligence; and the contract was valid;

(4) The contractor must respond in damages to the railroad corporation by reason of the contract to indemnify.

While, ordinarily, the only question open upon a report of an action at law under St. 1917, c. 345, upon a case stated without any decision being made is, whether the plaintiff can recover in any form of action, the judge in such a report by agreement of the parties may reserve the rights of the defendant upon its appeal, previously taken, from an order overruling a demurrer to the declaration.

Where a judge under R. L. c. 173, § 105, reported for determination by this court the correctness of an order overruling a demurrer to the declaration in an action of contract, and also, under St. 1917, c. 345, reported the action upon a case stated, the defendant's rights under an appeal from the overruling of his demurrer being reserved, and it appeared that the demurrer should have been sustained but that upon the case stated the plaintiff should recover, this court ordered that the plaintiff should have leave to amend, and that, upon the allowance of an amendment stating a cause of action founded upon the case stated, judgment should be entered for the plaintiff.

CONTRACT upon an agreement in writing whereby the defendant agreed to "indemnify and save [the plaintiff] harmless . . . against any and all claims for damages, on account of injury by any act or omission of" the defendant or its servants or agents, resulting to the persons or property of others during the progress of work in abolition of a railroad crossing at grade in Somerville. Writ dated July 18, 1916.

In the Superior Court the defendant demurred to a substituted declaration, the demurrer was overruled, and the defendant appealed. The case was heard by *Hammond*, J., without a jury, upon a case stated. Material facts are stated in the opinion. At the request of the parties the judge reported the ruling overruling

the demurrer under R. L. c. 173, § 105, and under St. 1917, c. 345, without making any decision, reported the case upon its merits (the defendant not waiving its demurrer) to this court for determination.

G. M. Poland, (L. P. Jordan with him,) for the defendant.

J. M. O'Donoghue, for the plaintiff.

JENNEY, J. This action is before us on a case stated, reported by a judge of the Superior Court under St. 1917, c. 345, without any decision. The facts, so far as material, are as follows:

"The plaintiff and the defendant on June 24, 1912, made an agreement in writing . . . concerning the work to be done and the material to be used" in the elimination of a railroad crossing at grade in Somerville. The railroad corporation was required to abolish this crossing by a decree of the Superior Court, entered under St. 1906, c. 463, Part I, §§ 29 et seq. The decree ordered a change in the grade of Village Street, a private way. Under the contract the defendant was required to "provide materials and perform all the work . . . under the direction, and to the satisfaction of the Chief Engineer of the [railroad corporation]." It was further stipulated that the contractor should be "solely responsible for all work and men employed," and should "indemnify and save harmless the Company against any and all claims for damages, on account of injury by any act or omission of the Contractor, his agents or servants, to any property of, or under the control of the Company, and to Company's servants and passengers and their property, and to the persons and property of others, during the progress of the work under this contract, and that, in case any action, or actions, or other legal proceedings, shall be brought or instituted against the Company on account of any such claims, or on account of any unauthorized or illegal interference by the Contractor, his agents or servants, with any highway or travel thereon, the Contractor will assume the defense thereof, and will indemnify and save harmless the Company against all costs, expenses, counsel fees and judgments resulting therefrom." The specifications which were made a part of the contract also placed on the defendant the obligation to "keep the streets open to traffic, so far as possible, during the execution of the work;" "to indemnify and hold harmless the . . . Railroad from all claims of any description brought against it on account of

anything connected with him [it], his [its] employees, appliances or operations;" and to "take proper precautions to prevent accidents by placing and maintaining fences and lights where needed." They further provided in effect for the giving of lines by the chief engineer.

On May 6, 1913, about three o'clock in the morning, during the time that the defendant was engaged in work required by the contract, Frederic W. Coles fell over one of a row of stakes that had been driven by direction of the engineer of the railroad corporation at the request of the contractor, for the purpose of defining the line of Village Street. The stake projected three or four inches above the sidewalk. The railroad corporation employed no watchmen, placed no barriers or lights in the vicinity of the place where the accident happened, and did no work in that neighborhood, other than "to give lines and grades to the contractor." The defendant at that time maintained barriers and lights in Village Street, and employed "a person whose duty it was to see that the lanterns remained lighted and the barriers remained unmoved during the night and . . . said person was working on Dane Street [with which Village Street connected] or thereabouts on the night" of the accident.

Coles brought actions, which were tried together, against both parties to this proceeding. He recovered judgment against each for $9,000 and costs. See *Coles* v. *Boston & Maine Railroad,* 223 Mass. 408. The right of Coles to enter on the private way is not now involved.

At the trial of the cases in which Coles was plaintiff, he based his right of recovery against both defendants on the negligent placing of the stake, and upon negligence in leaving it unguarded and unlighted. Special questions submitted to the jury and the findings thereon were the same in each case, and were as follows:

"What was the approximate cause or causes of the plaintiff's accident?" The jury answered, "He stumbled over protruding stake in beaten path."

"Was the defendant . . . negligent? If you answer yes, state what that negligence was." The jury answered, "Unprotected condition of the protruding stake."

Other questions and answers settled the questions of fact involved in the due care of Coles in his favor, and fixed the amount

of damages. The exceptions presented by the defendants were overruled, (*Coles* v. *Boston & Maine Railroad, supra,*) and the judgments have been satisfied by the present parties, each of whom has paid a part thereof under an agreement between themselves that whatever payment was made by either, was made without prejudice to the right of indemnity against the other. It was expressly agreed that each of the defendants in those actions by Coles should have the same right of indemnity against the other defendant in said actions, for any money so paid to satisfy said judgments in whole or in part that there would have been in case the amount had been paid on execution.

Thereupon, the plaintiff brought this action to recover the amount so paid by it in part satisfaction of said judgment, and for its expenses properly incurred. The amount for which judgment is to be entered in this case, if the defendant is held, is fixed by agreement. It is admitted that the present defendant had due notice of the action by Coles against the present plaintiff, and was "given an opportunity to come in to defend . . . the same."

The defence is based on the claim that the "injury to Coles was caused in part by the negligence of the railroad corporation itself, and that such an injury is not within the terms of the contract."

By notice and opportunity to defend, the defendant was concluded in any subsequent litigation between the same parties as to all questions determined in the first action which are incident to the right of recovery in the second; and the plaintiff here, who was a defendant there, is likewise concluded as to the facts therein established. If it cannot be ascertained from the record upon what ground damages were recovered in the original suit, parol evidence is admissible to determine whether the issue in controversy in the second case was in fact decided. Issues not actually decided in the prior action are open. *Boston* v. *Worthington,* 10 Gray, 496. *Milford* v. *Holbrook,* 9 Allen, 17. *Campbell* v. *Somerville,* 114 Mass. 334. *Churchill* v. *Holt,* 127 Mass. 165; *S. C.* 131 Mass. 67. *Boston & Maine Railroad* v. *Brackett,* 71 N. H. 494. See also *Cote* v. *New England Navigation Co.* 213 Mass. 177, 181; *Cinamon* v. *St. Louis Rubber Co.* 229 Mass. 33, 37; *Hanzes* v. *Flavio,* 234 Mass. 320.

The case is before us on a case stated, and the material facts are

not in controversy. R. L. c. 165, § 19; c. 173, § 96. St. 1913, c. 716, § 5. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536. *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 522.

It appears that: (1) Coles sought to recover for the negligence of the defendant in leaving a stake protruding above the sidewalk of Village Street; also for negligence in leaving it there unprotected and unlighted; (2) the cases in fact were tried on both grounds; (3) the negligence found by the jury consisted in the unprotected condition of the protruding stake, and not in its protrusion; (4) the questions in effect required an answer by the jury as to all the particulars of negligence; and the answers made finally determined that the protrusion of the stake was not negligence; and (5) failure to protect the stake was a breach of duty owed by the defendant to the plaintiff under its contract; and the plaintiff had neither assumed nor attempted to perform this duty.

"The jury, in the finding that the protruding stake was unprotected, assumed and found the contractor was negligent. They could not have found what the negligence was, as they did specifically, unless the contractor's negligence was involved." *Coles* v. *Boston & Maine Railroad, supra,* at page 418. It follows that the verdict for Coles against the railroad corporation was rendered solely because of its responsibility to the travelling public for the neglect of the contractor.

As it appears that, as between the plaintiff and the defendant, the only negligence was that of the defendant, and that under the contract the defendant had agreed to "indemnify and save harmless" the plaintiff from all claims on account of any injury caused by its acts or omissions, whether the injury was to property of the defendant or to the servants, passengers and property of the plaintiff, or to the persons and property of others, and that the defendant had due notice and opportunity to defend the action of Coles as plaintiff, the defendant is liable in this case in the agreed sum of $5,000.

The contract under consideration by its terms did not purport to obligate the defendant to indemnify the plaintiff from the consequences of contributory negligence on the part of its employees, as did the undertaking considered in *Woodbury* v. *Post,* 158 Mass. 140; hence that case does not aid the plaintiff. See also *Bay State Street Railway* v. *North Shore News Co.* 224 Mass.

323, where the contract was to the same effect, as it expressly referred to injuries resulting from negligence of the plaintiff's employees. These cases, however, establish the proposition that such an agreement is not void as against public policy. A contract of the nature here involved will not be considered as indemnifying one against his own negligence, or that of his employees, unless its express language requires it. Such an intent must unequivocally appear, and words of general import are not sufficient. It is not to be assumed in the absence of clear stipulation that a contract is to be construed as creating a result so far reaching, and involving consequences which may be so hazardous and momentous. *Perry* v. *Payne,* 217 Penn. St. 252. *Mitchell* v. *Southern Railway,* 124 Ky. 146. *Manhattan Railway* v. *Cornell,* 54 Hun, 292, affirmed without opinion in 130 N. Y. 637. See 14 R. C. L. 47.

The case stated reserves the rights of the defendant under its appeal from an order overruling its demurrer. While ordinarily "the only question open [on a case stated] is, whether the plaintiff can recover in any form of action," the right to insert such a reservation is well settled. *Cushing* v. *Kenfield,* 5 Allen, 307. *Crocker* v. *Boston Electric Light Co.* 180 Mass. 516. *Elliott* v. *Worcester Trust Co.* 189 Mass. 542. "When a case is thus submitted, the plaintiff may amend his writ or declaration in any way necessary to put his case in proper form to support the judgment to which the facts entitle him." *Smith* v. *Carney,* 127 Mass. 179, 181.

The declaration does not set forth a good cause of action in that it contains no allegation to the effect that the injury to Coles was caused by some negligent act of the defendant, for which, as between the parties, the defendant was primarily liable. *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582. See also 40 L. R. A. (N. S.) 1153, note.

The demurrer is here properly on the report of the judge of the Superior Court under R. L. c. 173, § 105, and must be sustained. The plaintiff is given leave to amend; and on the allowance of an amendment in accordance with this opinion, judgment is to be entered for the plaintiff in the sum of $5,000. St. 1913, c. 716, § 3. *Randall* v. *New York, New Haven, & Hartford Railroad,* 226 Mass. 404.                                                    *So ordered.*