THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, OF LONDON, ENGLAND, Subrogated to the Rights of OTIS ELEVATOR COMPANY, Appellant, *v.* NEW YORK LINEN SUPPLY AND LAUNDRY COMPANY, INC., Respondent.

*Pleadings — dismissal of complaint for insufficiency — Rules of Civil Practice, rule 106.*

Appeal from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office November 26, 1923, granting the defendant's motion for judgment under rule 106 of the Rules of Civil Practice, dismissing the complaint for insufficiency.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve an amended complaint on payment of said costs and ten dollars costs of motion at Special Term. No opinion. Present — Dowling, Smith, Merrell, Finch and McAvoy, JJ.; Smith, J., dissenting.

SMITH, J. (dissenting): There was no obligation of the elevator company to deliver this elevator before completion. This delivery was without consideration and solely for the benefit of the defendant. Its indemnity obligation should, therefore, be construed liberally to protect the elevator company from any liability which would not have been incurred if delivery had not been made. The circumstances of this case render inapplicable the rule that a release from liability for damages caused by the party's own negligence is not intended unless specifically so stipulated. Moreover, the construction of the " temporary accept-ance," so called, by the court makes the agreement meaningless. The elevator company could not be held liable in any event for any negligence except its own. The indemnity would thus be an indemnity for a liability for which the elevator company could not in any event be liable, and the paper accomplishes nothing. The court will not construe an agreement to be utterly ineffectual. I, therefore, recommend reversal.