PAUL R. GAST *vs.* JOSEPH GOLDENBERG & another.

Suffolk.　October 26, 1932. — November 30, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Bond,* Of indemnity.　*Estoppel.　Constable.　Abuse of Process.*

A finding, that a constable "wilfully abused" process, was warranted by evidence that he, upon a writ with an *ad damnum* of $150, attached goods in the defendant's place of business by placing a keeper therein and, upon instructions from the plaintiff's attorney after notice from mortgagees, removed from the place of business goods which he knew were worth at least $2,000, subject to mortgages aggregating $900; that he later sold upon execution all the goods so removed for the sum of $125; and that the attorney for the plaintiff had given him no instructions as to the quantity or value of the goods to be attached or removed.

The plaintiff in the action above described gave the constable a bond to indemnify him against all actions, damages and costs for which he "may be liable or obliged by law to pay to any person or persons by reason of the said attachment, or of any further intermeddling of said . . . [constable] by virtue of said process." In an action against the constable by the owner of the goods, the constable was found liable for conversion and abuse of process, and satisfied an execution issued against him. In a subsequent action by the constable on the bond, it was *held,* that

　(1) Although the obligor on the bond might be estopped to deny that the constable made the attachment at his request, he was not estopped to contend that the constable wilfully exceeded his authority and the obligor's instructions;

　(2) The bond given was not to be construed to provide the constable indemnity against such wilful misconduct on his part;

　(3) A finding for the obligor was proper.

CONTRACT.　Writ in the Municipal Court of the City of Boston dated June 18, 1931.

The action was heard in the Municipal Court by *Donovan,* J.　Material evidence is stated in the opinion.　The judge found for the defendants and reported the action to the Appellate Division.　The report was ordered dismissed, and the plaintiff appealed.

The case was submitted on briefs.

*C. H. Dow*, for the plaintiff.

*N. Golden*, for the defendants.

LUMMUS, J.   This is an appeal from a decision of the Appellate Division of the Municipal Court of the City of Boston, dismissing a report by a trial judge who found for the defendants in a suit by a constable upon a bond of indemnity given him by the defendants upon the making of an attachment.

On August 5, 1918, the defendants brought suit against one Angelica Costa, and placed the writ in the hands of the plaintiff as a constable for service.   The *ad damnum* of the writ was $150.   The plaintiff was instructed by counsel for the defendants to put a keeper in the place of business of Costa, but no instructions were given as to the amount or value of the property to be attached.   An attachment of personal property was made upon that writ, and also upon another writ with an *ad damnum* of $200, brought by another creditor of Costa, and a keeper put in as directed. Then the attorney for the present defendants, after a notice from mortgagees, instructed the plaintiff to remove the attached chattels, but gave the plaintiff no directions as to the quantity or value of the chattels to be removed.   The plaintiff demanded and received from the defendants the bond in suit, conditioned that it should be void if the defendants should indemnify and save harmless the plaintiff from all suits, damages and costs for which he "may be liable or obliged by law to pay to any person or persons by reason of the said attachment, or of any further intermeddling of said Paul R. Gast by virtue of said process."

Under his attachment, the plaintiff removed chattels belonging to Costa of the value, known to the plaintiff, of not less than $2,000.   The defendants recovered judgment against Costa in the sum of $103.85, and the plaintiff sold all the attached property on execution for the sum of $125. Costa sued the plaintiff and these defendants jointly for conversion and abuse of process.   The present defendants obtained a directed verdict in their favor, but judgment

was awarded against the present plaintiff for $1,341 and interest, amounting to $1,425.25, besides costs of $68.90, which he satisfied. This court, in that case (*Costa* v. *Goldenberg*, 258 Mass. 264), held that the jury might find in favor of Costa for conversion, as well as for abuse of process, on the ground that the amount or value of goods attached was unwarranted by the writ.

The plaintiff, on June 18, 1931, brought this action against the defendants on the bond of indemnity. The trial judge found that in making the excessive attachment and in removing and selling the attached goods the plaintiff "wilfully abused the process" by virtue of which the attachment was made, and found for the defendants. This finding was justified on the evidence, although the goods were subject to mortgages aggregating $900.

By the recitals in the bond as to the making of an attachment the defendants may be estopped to deny that the plaintiff made an attachment at their request, but they are not estopped to set up that the plaintiff wilfully exceeded his authority and their directions. If a wilful wrongdoer by any form of words can obtain a valid contract for indemnity, the general language of the bond in the present case ought not to be construed to give the plaintiff indemnity against the consequences of his own wilful abuse of process. *Bills* v. *Comstock,* 12 Met. 468. *Boynton* v. *Morrill,* 111 Mass. 4. *Wiggin* v. *Atkins,* 136 Mass. 292. *Abbott* v. *Kimball,* 23 Vt. 542, 545. *Sharvy* v. *Cash,* 66 Minn. 200. See also *Babcock* v. *Terry,* 97 Mass. 482; *Davis* v. *Royal Arcanum,* 195 Mass. 402; *Northwestern Mutual Life Ins. Co.* v. *Johnson,* 254 U. S. 96, and cases cited; *Todd* v. *Traders & Mechanics Ins. Co.* 230 Mass. 595, 599; *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98, 104; *Slocum* v. *Metropolitan Life Ins. Co.* 245 Mass. 565; *Sontag* v. *Galer,* 279 Mass. 309, 313; *DeMello* v. *John Hancock Mutual Life Ins. Co. ante,* 190. Compare *C. F. Jewett Publishing Co.* v. *Butler,* 159 Mass. 517; *Clarke* v. *Ames,* 267 Mass. 44, 47; *McMahon* v. *Pearlman,* 242 Mass. 367; *Messersmith* v. *American Fidelity Co.* 232 N. Y. 161; *Standard Oil Co. of New Jersey* v. *United States,*

264 Fed. Rep. 66; *Bay State Street Railway* v. *North Shore News Co.* 224 Mass. 323; *Griffiths* v. *Hardenbergh*, 41 N. Y. 464. The plaintiff's requests for rulings require no special comment.

*Order dismissing report affirmed.*