FRED T. FARRELL & another vs. EASTERN BRIDGE AND
STRUCTURAL COMPANY.

Berkshire.   May 20, 1935. — June 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Contract*, Construction, Of indemnity.   *Words*, "Acts."

A contract by a building subcontractor "to protect and indemnify" the
general contractor "against all loss or damage resulting from any of
. . . [the subcontractor's] acts" covered loss or damage caused by
acts of the subcontractor which were neither negligent nor wrongful.

CONTRACT.   Writ dated March 16, 1932.

The action was tried in the Superior Court before *Mor-
ton*, J.   There was a verdict for the plaintiffs in the sum of
$3,571.85.   The defendant alleged exceptions.

*L. S. Cain*, for the defendant.

*F. M. Myers & T. F. Cassidy*, for the plaintiffs, submitted
a brief.

LUMMUS, J.   The plaintiffs brought this action of con-
tract to recover the unpaid balance of the contract price
for erecting, for a building in Albany, New York, the steel
framework furnished by the defendant, the general contrac-
tor.   When the plaintiffs' work on one wing of the building
was nearly completed, that wing collapsed, causing injury
to the steel and damage to neighboring premises of a third
person.   The defendant replaced the steel and paid for the
damage.   By claim of recoupment in the answer and by
declaration in set-off, it sought to reduce its liability for the
balance of the contract price by the amount of its loss.

The judge instructed the jury in substance that the plain-
tiffs were not responsible for the collapse unless they were
negligent.   The jury returned a verdict for the plaintiffs
for the full balance due, and gave the defendant no relief
by way of set-off or recoupment.   The verdict impliedly
established that the plaintiffs were guiltless of negligence.
The only exceptions are to the refusal of the judge to instruct

the jury in substance that Article X of the subcontract made the plaintiffs liable for loss or damage resulting from their acts or those of their employees, irrespective of negligence.

Article X read as follows: "The Erector [the plaintiffs] agrees that, during the progress of the work, it shall insure itself against all liability under the Workman's Compensation Act and against damage or liability to the public and agrees to protect and indemnify the Contractor [the defendant] against all loss or damage resulting from any of its acts or the acts of its employees."

The "loss or damage" against which the plaintiffs undertook to "protect and indemnify" the defendant, might be damage to the defendant's own property, such as the steel made worthless by the collapse, or damage to third persons for which the defendant is liable. In the former alternative, the plaintiffs, if negligent, would be liable to the defendant independently of contract. In the latter alternative, if the plaintiffs were negligent, the defendant must be either *in pari delicto* or not. If *in pari delicto*, a contract of indemnity such as this, in the absence of express language not found in Article X making immaterial the negligence or fault of the indemnitee (*Woodbury* v. *Post*, 158 Mass. 140; *Bay State Street Railway* v. *North Shore News Co.* 224 Mass. 323; *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71; *Clarke* v. *Ames*, 267 Mass. 44), will not be construed as furnishing the indemnitee indemnity against the consequences of its own actual participation in the wrong. *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98, 104. *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 250. *Gast* v. *Goldenberg*, 281 Mass. 214. If not *in pari delicto*, the defendant, if compelled to pay damages where the substantial wrongdoing was that of the plaintiffs, would have a remedy over against the plaintiffs without any express contract of indemnity. *Lowell* v. *Boston & Lowell Railroad*, 23 Pick. 24. *Old Colony Railroad* v. *Slavens*, 148 Mass. 363. *Holyoke* v. *Hadley Co.* 174 Mass. 424, 427. *Boston Woven Hose & Rubber Co.* v. *Kendall*, 178 Mass. 232. *Boott Mills* v. *Boston*

& *Maine Railroad,* 218 Mass. 582, 594. See also *McConnon* v. *Charles H. Hodgate Co.* 282 Mass. 584; *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 453. It thus appears that if the word "acts" in Article X should be restricted to negligent or tortious acts, the contract would add little if anything to the liability that would exist in the absence of contract.

Literally, the word "acts" in Article X is not qualified by negligent, wrongful, faulty, or any other similar word. We are of opinion that no such word is to be implied, and that the failure to instruct the jury substantially in accordance with the requests was error. There is nothing inconsistent with this conclusion in the statement in *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98, 104, that the declaration in that case was defective in not showing that the injury, for which damages had been paid by the plaintiff to a third person, "was caused by some negligent act of the defendant, for which, as between the parties, the defendant was primarily liable." All that was meant was that under the contract of indemnity, which did not expressly provide indemnity for one *in pari delicto,* it must be shown that the plaintiff was not *in pari delicto,* but that the defendant was primarily responsible. The question raised in this case was not there in issue, for the defendant in that case had already been found to be negligent.

We are not sure that the figures stated in the bill of exceptions afford us the means of computing the damages of the defendant, and therefore do not attempt to order judgment.

*Exceptions sustained.*