25520. FISK TIRE CO. INC. *v.* HOOD COACH LINES INC.

DECIDED OCTOBER 23, 1936.

*Evins, Quillian & Evins,* for plaintiff in error.

*Martin, Martin & Snow,* contra.

BROYLES, C. J. Hood Coach Lines Inc. (hereinafter referred to as Hood) filed an application for surrender of its charter and for dissolution of the corporation. Fisk Tire Company Inc. (hereinafter referred to as Fisk) intervened and filed its objections to the application, and attached thereto, as Exhibit A, a certain contract entered into and signed by Hood and Fisk. It was stipulated in the contract that it should be construed according to the laws of the Commonwealth of Massachusetts. The case was heard by the judge, without the intervention of a jury, upon an agreed statement of facts; and a judgment was rendered, allowing the surrender of the charter, and dissolving the corporation. To that judgment the intervenor excepted.

The agreed statement of facts, material to a decision of this case, recites that the contract attached to Fisk's intervention as Exhibit A was a true copy of the contract executed by the parties; that Fisk incurred a liability in the nature of counsel fees and expenses in defending certain suits wherein the plaintiffs sought to recover damages from Fisk, because of the blow-out of a tire on Hood's bus, which caused the injuries claimed by the plaintiffs, and that the tire which blew out was a tire furnished by Fisk to Hood under the aforesaid contract. It was stipulated that the sole question for determination of the court was whether the contract created an obligation on the part of Hood to pay Fisk for counsel fees and expenses incurred in defending a suit of the nature described above. To determine this question it is necessary to refer to the law of Massachusetts pertinent thereto, as enunciated by the court of last resort of that State, and to consider the language of that part of par. 8 a of the contract which the plaintiff in error contends obligated Hood to pay Fisk for said

counsel fees and expenses. That portion of the contract reads as follows: "Operator [Hood] further agrees to pay Fisk for all injury or damage to Fisk caused by reason of any claim, action, or causes of action arising out of the use, service, possession, or mutilation of such tires; to pay and/or reimburse Fisk for all loss and/or damage in respect of any tire set aside by Fisk for operator's service, whether caused by accident, fire, theft, fraudulent conversion, or otherwise; to pay and/or reimburse Fisk for all losses sustained by reason of injury or damage to tires or abuse of tires on account of careless, negligent, or wrongful use or operation of said vehicles." It is contended by counsel for Fisk that the contract is one of indemnity, and that the portion of the contract just quoted created an obligation on the part of Hood to reimburse Fisk for the counsel fees and expenses incurred as stated. Conceding (but not deciding) that the contract should be construed as one of indemnity, we do not think that under the law of Massachusetts the language of the contract was sufficient to obligate Hood to pay said counsel fees and expenses, since the record clearly shows that the suit (in the defense of which Fisk incurred the expenses and counsel fees) brought against Fisk was based on Fisk's *own* negligence; and such an intent does not unequivocally appear from the express language employed in the contract. There is not a word in the above-quoted clause, or anywhere else in the contract, about indemnifying Fisk, or saving it harmless, from damages sought to be obtained by a third person where the suit is based upon the alleged negligence of Fisk. In Boston & M. R. *v.* Stuart Co., 236 Mass. 98 (127 N. E. 532), the court said: "The contract under consideration by its terms did not purport to obligate the defendant to indemnify the plaintiff from the consequences of contributory negligence on the part of its [the plaintiff's] employees, as did the undertaking considered in Woodbury *v.* Post, 158 Mass. 140 (33 N. E. 86); hence that case does not aid the plaintiff. See also Bay State Street Railway *v.* North Shore News Co., 224 Mass. 323 (112 N. E. 1007), where the contract was to the same effect, as it *expressly* [italics ours] referred to injuries resulting from negligence of the plaintiff's employees. . . A contract of the nature here involved will not be considered as indemnifying one against his own negligence, or that of his employees, unless its express language re-

quires it. Such an intent must unequivocally appear, and words of general import are not sufficient. It is not to be assumed, in the absence of clear stipulation, that a contract is to be construed as creating a result so far reaching, and involving consequences which may be so hazardous and momentous." This case was cited and approved in New York &c. R. Co. *v.* Stuart Co., 260 Mass. 242 (157 N. E. 540). The foregoing decisions are those of the Supreme Judicial Court of Massachusetts, the court of last resort in that State; and in our opinion they state the law of Massachusetts on the question involved in the instant case. The Massachusetts cases cited in the brief of counsel for the plaintiff in error are differentiated by their particular facts from this case. The foregoing ruling is not affected by the fact that Fisk successfully defended the damage suit brought against it, thereby establishing its innocence of any negligence. That fact is immaterial; the material fact being that the suit was *based* upon the alleged negligence of Fisk, and not upon that of Hood.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*