AMERICAN SANDPAPER COMPANY *vs.* WALTHAM FACTORIES, INC.

Middlesex.  November 2, 1937. — February 2, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Landlord and Tenant*, Covenant of indemnity against liability. *Negligence*, Contractual limitation of liability.

A lessee of the first floor of a building who in the lease had agreed to "hold the lessor harmless and indemnified against any . . . damage to . . . property on said premises" could not maintain an action against the lessor for damage to property caused by water which the lessor negligently had allowed to leak from pipes on the floor above.

TORT. Writ in the Superior Court dated August 27, 1936.

The case was reported by *Beaudreau*, J., who ruled that there was evidence of negligence of the defendant and found for the defendant.

*E. R. Anderson*, (*S. S. Ganz* with him,) for the plaintiff.

*J. P. Rooney*, (*W. A. Ryan* with him,) for the defendant.

QUA, J. The plaintiff seeks to recover in tort for the destruction of its merchandise located in a building the first floor of which is leased from the defendant, caused by water which the defendant allowed to leak from pipes on the floor above.

The lease from the defendant to the plaintiff contained a provision whereby the plaintiff lessee agreed that it would "hold the lessor [defendant] harmless and indemnified against any injury, loss or damage to any person or property on said premises." Such a covenant as this by a lessee has been construed to place the entire risk of loss upon him and hence constitutes a complete bar to an action by

him against his lessor, even when the damage is caused by the lessor's own negligence. *Henry H. Tuttle Co.* v. *Phipps*, 219 Mass. 474. *Clarke* v. *Ames*, 267 Mass. 44. *J. W. Grady Co.* v. *Herrick*, 288 Mass. 304, 308, 309. We find no solid ground on which the case at bar can be distinguished from these cases. The agreements of indemnity in *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98, 103, *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 249, 250, and *Gast* v. *Goldenberg*, 281 Mass. 214, cited by the plaintiff, were included in contracts of an entirely different type. See *Ortolano* v. *U-Dryvit Auto Rental Co. Inc.* 296 Mass. 439, 440.

It is unnecessary to deal with the requests for rulings in detail. In accordance with the stipulation of the parties the finding for the defendant is to stand.

*So ordered.*