UNITED STATES v. HARTFORD ACCIDENT & INDEMNITY CO. OF HARTFORD, CONN.

No. 131 Civil.

District Court, D. Connecticut.

March 25, 1940.

On Motion for New Trial, etc., June 6, 1940.

860

Robert P. Butler, U. S. Atty., of Hartford, Conn. (Valentine J. Sacco, Asst. U. S. Atty., of Hartford, Conn., of counsel), for the United States.

Shipman & Goodwin, of Hartford, Conn. (Walfrid G. Lundborg, of Hartford, Conn., of counsel), for defendant.

MOSCOWITZ, District Judge.

This action is brought by the United States to recover on a bond of indemnity issued by the defendant to indemnify the United States for payments made on account of a lost adjusted service certificate issued to the veteran, Frank K. Taylor, on or about January 1, 1925. On July 6, 1927, Taylor presented an affidavit that the certificate had been lost. As a condition precedent to the issuance of a duplicate certificate, the bond in question was issued. Thereafter a duplicate certificate was issued by the government, but no notice thereof was sent to the other offices handling such certificates.

Taylor subsequently obtained, through different offices, payments from the government on both certificates. The issue developed, therefore, is whether the government can recover on this bond, drawn in general terms despite its negligence in paying twice where there was but one liability.

Numerous authorities support the proposition that a contract of indemnity will not be construed to indemnify a person against his own negligence where such intention is not expressed in unequivocal terms. Southern Bell Telephone & Telegraph Co. v. Mayor and Bd. of Aldermen, 5 Cir., 74 F.2d 983; United States v. Wallace, 9 Cir., 18 F.2d 20; Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36, 2 N E.2d 35; Boston & M. R. R. v. T. Stuart & Son Co., 236 Mass. 98, 127 N.E. 532. To escape the effect of this rule, the government has attempted to show that, the certificates being non-negotiable, the policy had no meaning unless construed as protecting the government against its own negligence. It appears, however, that under the statute (38 U.S.C. § 642, 38 U. S.C.A. § 642) a bank lending money against the certificate might be in a position to assert a claim. Thus the policy would have meaning even though interpreted as affording no protection against the government's own negligence.

The number of offices to which notice of the issuance of a duplicate certificate would have to be sent hardly affords reason to place liability upon the defendant, in view of the unanimity of the authorities cited above. While it may have been the practice of the government not to give notice, the record is devoid of proof that the defendant knew, or should have known of this practice. Accordingly, the defendant cannot be charged with having contracted in light of the practice.

A somewhat analogous situation to the case in question existed in Security-First National Bank v. United States, 9 Cir., 103 F.2d 188. In that case the Veterans Administration was informed of the veteran's death, but nevertheless issued checks to a person purporting to be the veteran. The court held that the government was thereby estopped from questioning the genuineness of the imposter's indorsement. It commented on the fact that the magnitude of the Bureau's affairs could hardly excuse it from taking elementary precautions. Similar comment can be made here.

Judgment for defendant.

On Plaintiff's Motion for a New Trial and Amendments to Findings of Fact.

This action was tried on a stipulation of facts and resulted in judgment for the defendant, see opinion dated March 25, 1940. The plaintiff, the United States, now moves for a new trial and for amendments to the findings of fact.

The motion for a new trial is based upon an alleged insufficiency of the stipulation of facts. This insufficiency claimed by the defendant must imply not an insufficiency of facts for a decision, but rather an absence of proof as to certain facts, which if they could have been established, would have swung the decision in favor of the plaintiff. This, however, is merely the situation in every case where if the losing party could prove further facts or disprove facts proved by his opponent, victory might have been his. No reason is set forth in the moving papers why the additional facts could not be established at the trial.

If, however, a new trial were granted and the facts which the plaintiff now seeks to prove, were proved, these would not entitle it to judgment. The only indicia of what these facts might be, are found in the motion to amend the findings of fact. There the government requests findings that the defendant could have ascertained the administrative practice not to give notice to branch offices of the issuance of duplicate certificates, had it investigated, and that defendant made no investigation. This implies, however, a duty to make such an investigation, which duty did not exist. To have affected the decision, it would have been necessary for the government to prove the defendant had notice of the practice, or reason to know of it.

While proof of such notice might have been difficult, and the attorneys for the plaintiff done their best to get the best available facts before the Court, the record, as it stands, and even as it is proposed to be amended, does not merit any alteration of the prior decision. So far as the motion to amend the findings is concerned, the present state of the record does not justify the requested amendment.