COLOMBA CERKOWSKI, Plaintiff, *v.* GENERAL MOTORS CORPORATION et al., Defendants.

GENERAL MOTORS CORPORATION, Third-Party Plaintiff, *v.* BOSTON AND MAINE RAILROAD, Third-Party Defendant.

Supreme Court, Special Term, Albany County, December 4, 1951.

*Whalen, McNamee, Creble & Nichols* for third-party defendant.

*Leonard Cohen* for plaintiff.

*George A. Brooks, Edward B. Wallace* and *Charles D. Kuhnen* for General Motors Corporation, defendant and third-party plaintiff.

HAMM, J. This is a motion by the third-party defendant, Boston and Maine Railroad, for summary judgment under rule 113 of the Rules of Civil Practice. The third-party defendant seeks to dismiss the third-party complaint of the defendant and third-party plaintiff, General Motors Corporation.

The plaintiff is suing General Motors Corporation and Arthur Marocco, as executor of Marfisa Marocco, for personal injuries sustained through the alleged collapse of a portion of the ceiling in one of the rooms occupied by the plaintiff as tenant of the defendant Marocco. The plaintiff's complaint in paragraph " 13 " specifies the negligence of the defendant General Motors Corporation as follows:

" a. That the constant operation of aforesaid General Motors Diesel Locomotives with excessive vibration on aforesaid railroad right-of-way and railroad tracks adjacent and near to the premises wherein was plaintiff's apartment produced a constant

jarring of the said building causing the plaster of the ceiling in the aforesaid apartment kitchen to be weakened and resulting in the fall of plaster as above described.

"b. Failing to sufficiently, properly and appropriately equip and test the said Diesel Locomotives so as to eliminate excessive vibration.

"c. Manufacturing the said Diesel Locomotives in a careless and negligent manner.

"d. Failing to use due care in the construction of the said Diesel Locomotives and in testing the same and the materials of which they were constituted."

However, whatever the allegations of the complaint may be, the plaintiff cannot recover against General Motors Corporation unless the plaintiff proves that General Motors Corporation was negligent. Evidence that Boston and Maine Railroad was negligent would be inadmissible to hold General Motors Corporation. General Motors Corporation may not recover against Boston and Maine Railroad unless the plaintiff first obtains a verdict against General Motors Corporation based on the corporation's negligence.

General Motors Corporation has served a third-party complaint on Boston and Maine Railroad alleging that Boston and Maine Railroad agreed to indemnify General Motors Corporation for injuries "arising or resulting from the operation or use of said locomotives by the third-party defendant Boston and Maine Railroad."

The only indemnity agreement between the parties is, as the affidavits establish, the following: "The Lessee agrees to save and keep harmless the Lessor from and against all claims, demands, costs, expenses, loss or damage for any damage or injuries whatsoever to other property or persons, arising or resulting from the operation or use of said Locomotives by the Lessee while this Agreement remains in force."

So, as the facts in this case are such that the Boston and Maine Railroad can be liable to General Motors Corporation only for the negligence of General Motors Corporation, the question is whether, under the agreement, the indemnitor is liable to the indemnitee for the indemnitee's own negligence. It is well established that a release from liability for damages caused by the party's own negligence is not intended unless specifically so stipulated. (*Employers' Liability Assur. Corp.* v. *New York Linen Supply & Laundry Co.*, 209 App. Div. 803, affd. 239 N. Y. 560; *Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36; *People* v. *Syracuse R. T. Ry. Co.*, 129 App. Div.

800; *Employers' Liability Assur. Corp.* v. *Post & McCord, Inc.,* 286 N. Y. 254.)

In *Thompson-Starrett Co.* v. *Otis Elevator Co. (supra)* it is stated at page 41: " It is a general rule long established that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms."

The present contract between the parties is neither specific nor unequivocal and, that the agreement is ambiguous and not precisely formulated, appears from the argument itself of General Motors Corporation that testimony should be taken to determine the intention of the parties.

The contract was made in Massachusetts but the law of the Commonwealth of Massachusetts is in this instance, as would be expected, the same as the law of the State of New York. In *Boston & Maine R. R.* v. *Stuart & Son Co.* (236 Mass. 98) the following statement of the Massachusetts law appears at page 104: " A contract of the nature here involved will not be considered as indemnifying one against his own negligence, or that of his employees, unless its express language requires it. Such an intent must unequivocally appear, and words of general import are not sufficient. It is not to be assumed in the absence of clear stipulation that a contract is to be construed as creating a result so far reaching, and involving consequences which may be so hazardous and momentous. *Perry* v. *Payne,* 217 Penn. St. 252, *Mitchell* v. *Southern Railway,* 124 Ky. 146, *Manhattan Railway Co.* v. *Cornell,* 54 Hun 292, affirmed without opinion in 130 N. Y. 637. See 14 R. C. L. 47." To the same effect are *Laskowski* v. *Manning* (325 Mass. 393); *New York Central & H. R. R. R. Co.* v. *Stuart & Son Co.* (260 Mass. 242), and *Farrell* v. *Eastern Bridge & Structural Co.* (291 Mass. 323).

The motion is granted and an order may be submitted accordingly.