CASE 21—ACTION BY THOMAS MITCHELL AGAINST THE
SOUTHERN RAILWAY COMPANY TO RECOVER A
BALANCE DUE ON A CONTRACT.—May 6, 1903 .

# Mitchell v. Southern Railway Company

Appeal from Jefferson Circuit Court. C. P.
Branch (Second Division).

MATT O'DOHERTY, Judge.

Judgment for defendant. Plaintiff appeals.
Reversed.

Indemnity—Construction of Contract—Liability For Accidents.—
Plaintiff contracted to do certain work in the construction
of a tunnel for defendant, agreeing to save defendant harm-
less from "all casualties or accidents resulting to employes
engaged in the work contemplated under this contract, or
to any third person who may .be in any manner injured or
damaged" by him or his servants. By the specifications,
which were made a part of the contract, plaintiff was made
responsible for all damages "to the work * * * persons and
property, which could have been avoided by the exercise of
proper care and vigilance on his part." Held that, in view
of the clause in the specification, the contract made plaintiff
liable only for casualties and accidents produced by his own
negligence or that of his servants, and not for accidents
that were caused by defendant's negligence.

HELM, BRUCE & HELM Attorneys for Appellant.

### POINTS AND AUTHORITIES CITED.

1. A contract will not be construed to require one person to
pay another's damages resulting from the latter's own negligence
unless the purpose of the parties to make such a contract is
so unmistakably plain that this construction cannot be avoided.
(Perkins v. New York Central R. Co., 24 N. Y. 206; Mynard

v. Syracuse, &c. R. Co., 71 N. Y., 183; New Jersey Steam Navigation Co. v. Merchants Bank, 6 How., 344.)

2. "Punctuation is the most fallible standard by which to interpret a writing." (Ewing v. Burnett, 11 Peters, 41; Succession of Allen, 48 La. Ann., 1036, (55 Am. St. Reps., 295); 17 Am. & Eng. Ency. of Law (2 Ed.) 20.)

3. Independent Contractors. (Robinson v. Webb, 11 Bush, 464.)

HUMPHREY, BURNETT & HUMPHREY for Appellee.

POINTS AND AUTHORITIES.

Kansas City, Memphis & Birmingham Ry. v. Southern Railway News Co., 151 Mo., 373; (S. C., 52 S. W., 205); Casualty Insurance Company case, 82 Md., 575, 577; (S. C., 34 Atl., 778); Trenton R. R. v. Guarantor's Liability Co., 60 N. J. Law, 246; (S. C., 37 Atl., 609); Baltimore & Ohio Southwestern R. R. v. Voigt, 176 U. S., 498.

OPINION OF THE COURT BY JUDGE PAYNTER—Reversing.

On the 9th day of April, 1901, the appellant, Mitchell, and the defendant, Southern Railway Company, entered into a contract by which Mitchell was to do certain work in the construction of a tunnel on the line of the appellee's railway in Indiana, according to the specifications made a part of the contract. The specifications contained the following provision:

"The contractor takes all risks in regard to accidents and casualities of all kinds which may occur during the progress of the work and to be held responsible for all damages to work as well as to the machinery, rolling stock, persons and property, which could have been avoided by the exercise of proper care and viligance on his part."

Among the provisions of the contract was the following:

"The contractor hereby agrees to give bond, same

secured by some reliable surety company, accepted
by the Railway Company, in the sum of fifteen thous-
and dollars ($15,000) for the faithful performance
of the within contract, and for the purpose of
indemnifying the Railway Company for the work con-
templated under this contract, and for all cost
accruing to said Railway Company in defending any
and all liens, of whatsoever nature, enforced for
labor and material under this contract.

"Said contractor further agrees to indemnify and
save harmless said Railway Company from all casual-
ities or accidents resulting to employes engaged in
the work contemplated under this contract, or to any
third person who may be in any manner injured or
damaged by the said contractor, his servants or
agents, in the performance of this contract."

The appellant entered upon and completed the work
under the contract, which has been accepted, and the
contract price has been paid, except $355.95, which
appellee withheld from the appellant on account of
the following facts, namely: During the progress of
the work on the tunnel, Mills Buxton received an
injury, which was due entirely to the negligence of
the appellee in the manner of its operation of a rail-
way train through the tunnel whilst Buxton was
working as an employe of plaintiff in the execution of
the work required by the contract. Neither the plaint-
iff nor any of his employes in the least degree con-
tributed to the injury. The train which inflicted it
was not used by the appellant or for him, but was one
which was operated entirely by the appellee, and
wholly within its control. Buxton instituted a suit
against the appellee to recover damages for the injury
he had received. The suit was compromised for
$355.95, and it is conceded that the compromise and

settlement was a prudent one for the appellee to make.

The question here for our consideration is, did the appellee have the right to withhold the amount which it paid Buxton out of the contract price of the work? The answer to this question depends upon the terms of the contract into which the parties entered. It is the contention of the appellee that the appellant indemnified it against losses occasioned by casualities and accidents resulting in the injury of the appellant's employes engaged in the performance of the work contemplated under the contract, notwithstanding that the injury might be inflicted solely by its own negligence. For the appellant it is insisted that it was not the intention that he should indemnify appellee against its own negligence, but that he was indemnifying against losses which might result to it by reason of his or his employes' conduct in the prosecution of the work. In construing a contract, it should be the purpose of a court to ascertain, if possible, the intention of the parties to it. To do so, it is sometimes not only important for the court to consider the language employed in the contract, but the circumstances surrounding the parties, and the object in view which induced the making of it. It is not proper, in construing a contract, for a court to seize upon some expression in it, and allow that to control, in disregard of other provisions of it. The whole of the contract should be read. When we consider the work to be done by the appellant was to yield him but a few thousand dollars in gross, and that his profits, if large, considering the work to be done, would necessarily be small in amount, it is improbable that he would undertake to indemnify the appellee against losses occasioned by its own acts of negligence. Especially is it so when one act of negligence by the

appellee might not only sweep away the profits derived from the work, but his entire fortune. Such an interpretation should not be given a contract that would make the appellant responsible for the consequence of a negligent act of the appellee unless no other meaning can be ascribed to it. If a doubt existed as to its meaning, the court would resolve that doubt against the contention that the contract was intended to indemnify appellee against its own negligence. Every presumption is against such intention. While the precise question was not under consideration in cases to which we now allude, yet we think the rule enunciated in them applies equally well to this case. In Perkins v. New York Central Railroad Company, 24 N. Y., 206, 82 Am. Dec., 281, the court said: "A party who claims exemption from liability for the negligence of his servants or agents must undoubtedly base his claim upon the express words of his contract. It will not be presumed in his favor." In Mynard, etc., v. Syracuse, etc., R. Co., 71 N. Y., 183, 27 Am. Rep., 28, the court said: "When general words may operate without including the negligence of the carrier or his servants, it will not be presumed that it was intended to include it. Every presumption is against an intention to contract for immunity for not exercising ordinary diligence in the transaction of any business, and hence the general rule is that contracts will not be so construed, unless expressed in unequivocal terms."

To read the contract in question without observing the punctuation, we at once conclude that it was not the intention of the parties that the appellee was to be indemnified against its own acts of negligence. If we read it with a comma after the words "to any third person," then it would read as follows: "Said

contractor further agrees to indemnify and save harmless said Railway Company from all casualities or accidents resulting to employes engaged in the work contemplated under this contract, or to any third person, who may be in any manner injured or damaged by the said contractor, his servants or agents, in the performance of this contract.'' To thus read it shows that the indemnity to the appellee is against the consequences of the acts of the contractor, his servants or agents, in the performance of the contract. The United States Supreme Court, in Ewing v. Burnet, 11 Pet., 54, 9 L. Ed., 624, said: ''Punctuation is a most fallible standard by which to interpret a writing. It may be resorted to when all other means fail. But the court will first take the instrument by its four corners, in order to ascertain its true meaning. If that is apparent upon judicially inspecting the whole, the punctuation will not be suffered to change it.'' When the court takes the instrument by its four corners to ascertain its meaning, and reads it without punctuation, the same conclusion is reached as to the intention of the parties as is reached when the comma is placed after the words ''to any third person.'' In our opinion, if for no other reason, the comma should be so placed, because the language in the specifications which we have quoted above showed that the appellant was to be responsible only for damages which might have been avoided by the exercise of proper care on his part. By the terms of the specifications (and it must be read in connection with the contract, as it is made part of it by express terms), the appellant is made responsible for ''accidents and casualities of all kinds which may occur during the progress of the work and will be held responsible for all damages to the work, as well as to the machinery, rolling stock, per-

sons and property, which could have been. avoided by the exercise of proper care and vigilance on his part.'' The word ''persons'' would comprehend all the appellant's agents, servants, and employes, and ''third persons.'' If he is to be responsible for damages to his employes and third persons which could have been avoided by the exercise of proper care and vigilance on his part, the converse of the proposition is true—that he is not to be held responsible for damages to his employes or third persons which were not the result of the want of his proper care and vigilance. To read this clause in the specification in connection with the clause in the contract, it is readily seen that the indemnity to appellee against damages to persons by accidents or casualities was such as were produced by the acts of the appellant, his servants or agents. The appellee did not have the right to withhold the amount in controversy.

The judgment is reversed for proceedings consistent with this opinion.