W. B. FOSSON et al., Partners dba W. B. Fosson & Sons, Appellants,

v.

ASHLAND OIL & REFINING COMPANY, Appellee.

Court of Appeals of Kentucky.

Dec. 5, 1957.

Rehearing Denied Feb. 14, 1958.

Diederich & Lycan, John T. Diederich, Chesley A. Lycan, VanAntwerp & VanAntwerp, Howard VanAntwerp, Jr., Howard VanAntwerp, III, Ashland, for appellants.

Dysard, Dysard & Johnson, W. H. Dysard, Ashland, for appellee.

CAMMACK, Judge.

This appeal is from a judgment on a third-party complaint filed by the appellee, Ashland Oil & Refining Company, against the appellants, W. B. Fosson, Richard Fosson and Jack E. Fosson, partners of W. B. Fosson & Sons. The judgment held that the appellants had contracted to indemnify the appellee against its own negligence under a construction contract entered into by the parties. In May, 1953, Doris Massie, administratrix of the estate of William G. Massie, sued Ashland Oil and Kentucky West Virginia Power Company for damages for the alleged wrongful death of her husband, an employee of the appellants, who was electrocuted while working on a 40 foot high tank being constructed on the appellee's property by the appellants. The jury in that case returned a verdict for $18,000 in favor of Mrs. Massie and against the appellee. Judgment was entered against the appellee and no appeal

was taken. The appellee then filed its third party complaint against the appellants. The trial court entered judgment in favor of the appellee for $17,000 and costs and reserved certain other questions. This appeal is from the $17,000 judgment.

The appellants' contentions may be summarized as follows: (1) Since the contract did not impose liability, the appellee stated no claim upon which relief can be granted; and (2) even if liability were imposed, indemnifying one against his own negligence should not be upheld in this type of case.

Mr. Massie was killed instantly while he was endeavoring to hook a hoist line onto a plate which was being lifted into position some 30 feet above the ground on a tank under construction. In some manner the hoist line was extended too far and it came in contact with an uninsulated high tension wire. Mrs. Massie's action for the wrongful death of her husband was predicated on a duty to insulate the wire. As noted, the judgment in her favor was not appealed, and it is not in issue here. The question now presented to us is whether, by a clause in the construction contract between the appellants and the appellee, the appellants contracted to indemnify the appellee against the results of its own negligence in connection with the construction work.

The provisions of the contract which allegedly indemnify the appellee follow:

"(2) * * * The Contractor shall indemnify the Owner against all claims, demands, liens, taxes, loss or damages of any character suffered by the Owner and shall save the Owner harmless from all liability growing out of *or* incurred in the prosecution of said work or arising from any operations, acts, or omissions of Contractor. (Our emphasis.)

"(4) Contractor shall comply with all the laws of the State and Municipality where the work is to be performed and shall carry such Contractor's Liability and Workmen's Compen-

sation Insurance as is satisfactory to Owner."

The appellants argue that the appellee stated no claim upon which relief could be granted because the contractual wording " * * * arising from any operations, acts, or omissions of Contractor," limited the contractor's liability for indemnifying to damages arising only from their own operations, acts, or negligence. We believe the appellee did state a claim and the liability was not so limited. The use of the word "or," as italicized in the first quoted provision of the contract, rather than the word "and" convinces us that the contractual intent was that the owner be held harmless from all liability incurred in the prosecution of the work or later growing out of the contractor's acts or omissions. We think the contract did impose liability.

The appellants argue also that generally in Kentucky agreements to indemnify against the indemnitee's own negligence are not valid and that switch contracts or siding agreements comprise the only types in which we have upheld such agreements. It is true that when there is a doubt as to the meaning of an indemnity clause the construction should be against the contention that the contract was meant to indemnify against an indemnitee's own negligence. We have said that every presumption is against such intention. Mitchell v. Southern Railway Company, 124 Ky. 146, 74 S.W. 216. But such clauses are not against public policy and in cases where it is not improbable that a party would undertake such an indemnification of another party we reach a different result. Luton Mining Co. v. Louisville & N. R. Co., 276 Ky. 321, 123 S.W.2d 1055. See also 27 Am. Jur., Indemnity, section 15.

In the case at hand the contractor was to indemnify the owner against " * * * all claims, demands, liens, taxes, loss, or damages of any character * * *." Unless there was required specifically the statement "including the owner's own negligence," we can hardly envision a more inclusive indemnity provision. It is significant also that the contractor was required to carry liability insurance *satisfactory to the owner.* Actually the appellants carried the broadest type of liability and indemnity insurance, which, we assume, was satisfactory to the owner. Since we are not basing our decision on the type of insurance carried by the appellants, it is unnecessary to discuss their contention that their insurance contract with their carrier should not be considered as a part of the record.

We conclude that the indemnity provision was intended to and did cover acts of negligence by the indemnitee. Therefore, the judgment of the trial court is affirmed.