REYNOLDS METALS COMPANY,
Appellant,

v.

J. U. SCHICKLI & BROS., INC., et al., Appellees.

Supreme Court of Kentucky.

April 1, 1977.

Kenneth L. Anderson, Woodward, Hobson & Fulton, Louisville, for appellant.

Joseph C. O'Bryan, Carey & O'Bryan, James H. Frazee, Frazee, Frick & Gates, Louisville, for appellees.

STEPHENSON, Justice.

The trial court entered summary judgment dismissing the third-party complaint of Reynolds Metals Company against J. U. Schickli & Bros., Inc., and the other appellees. We reverse.

Pursuant to a decision to install an additional rolling mill, Reynolds issued a "purchase order" to Schickli "for excavating and enclosing foundation for Mill # 5."

During the course of the excavation, John Bright, an employee of Schickli, was injured while at work in the excavation when a roll of aluminum foil, from a stack along side the excavation slid into the excavation resulting in the injuries to Bright. A forklift operator, an employee of Reynolds, using the forklift placed a roll of aluminum foil on top of two other rolls of aluminum foil in the stack. The two bottom rolls of aluminum foil then slid apart, resulting in the top roll sliding into the excavation where Bright was working and causing injuries to Bright.

Bright brought a suit at common law against Reynolds for the injuries sustained. Reynolds filed a third-party complaint against Schickli and the other appellees here, claiming that under the terms of its contract Schickli was obligated to indemnify Reynolds for the claim of Bright.

The trial court granted Reynolds' motion for summary judgment on Bright's claim for injuries on the ground that Reynolds was a "principal contractor" within the meaning of KRS 342.060 and accordingly

was immune from common law liability to Bright.

We reversed this judgment in *Bright v. Reynolds Metals Company*, Ky., 490 S.W.2d 474 (1973), holding that Reynolds was not a "principal contractor" within the meaning of KRS 342.060 and directing further proceedings in conformity with the opinion.

Subsequently, the trial court held that under the terms of the contract Schickli was not obligated to indemnify Reynolds for the negligence of its employee and entered a summary judgment dismissing Reynolds' third-party complaint for indemnity against Schickli and other appellees. This was not made a final judgment. There was pending a third-party complaint by Schickli against the employee of Reynolds involved in the accident.

After the entry of the judgment, Reynolds settled Bright's claim for the sum of $30,000.

The trial court entered a judgment dismissing as settled the claim of Bright against Reynolds and then entered a final and appealable judgment dismissing Reynolds' claim to indemnity against Schickli and the other appellees.

We are now presented with the question of whether the contract between Reynolds and Schickli provides for indemnity to Reynolds even from its own ordinary negligence. We are of the opinion that it does.

The pertinent provision of the contract is as follows:

"4. LIABILITY AND INSURANCE: Your presence and that of your employees on our premises is at your risk, and you agree to indemnify us and hold us harmless from any liability or damages arising out of or resulting from your presence or the presence of your employees on our premises, including without limitation, liability or damages arising out of or resulting from your acts or acts of your employees."

In our view, *Fosson v. Ashland Oil & Refining Company*, Ky., 309 S.W.2d 176 (1958), relied on by Reynolds is precisely in point and dispositive of this appeal.

The indemnity contract in *Fosson* reads in part at page 177:

"(2) * * * The Contractor shall indemnify the Owner against all claims demands, liens, taxes, loss or damages of any character suffered by the Owner and shall save the Owner harmless from all liability growing out of or incurred in the prosecution of said work or arising from any operations, acts, or omissions of Contractor."

Schickli argues that because of the difference in the language, the contract here does not manifest a clear intention that Schickli indemnify Reynolds for the negligence of Reynolds and can be distinguished from *Fosson*.

In comparing the provisions of the contract in *Fosson* with the contract presented here, it is apparent that different wording is used. However, in our view the import of the wording given ordinary and acceptable usage is the same in both contracts. *Fosson* states: "Unless there was required specifically the statement 'including the owner's own negligence,' we can hardly envision a more inclusive indemnity provision." We consider this statement applicable to the contract between Reynolds and Schickli.

We hold that there is no doubt as to the meaning of the indemnity clause here and that Reynolds is entitled to indemnity from Schickli for its own negligence.

We express no opinion as to whether Reynolds' employee was, in fact, negligent; nor do we express any opinion as to the reasonableness of Reynolds' settlement with Bright. Further, we express no opinion as to liability of the other appellees to Reynolds as this question was not developed before the trial court.

In view of our holding, it is not necessary to reach the other assignment of error.

The judgment is reversed for further proceedings consistent with this opinion.

REED, C. J., and CLAYTON, JONES, LUKOWSKY, PALMORE and STEPHENSON, JJ., sitting.

All concur.

STERNBERG, J., not sitting.