COMMUNITY TRUST BANCORP, INC., Appellant

v.

C. David MUSSETTER and Ohio Casualty Company, Appellees.

No. 2006–CA–002156–MR.

Court of Appeals of Kentucky.

Dec. 14, 2007.

Scott W. Andrews, Huntington, WV, for appellant.

Ralph T. McDermott, Ashland, KY, for C. David Mussetter.

Douglas L. Hoots, Lexington, KY, for Ohio Casualty Company.

Before ACREE and HOWARD,[1] Judges; GUIDUGLI,[2] Senior Judge.

*OPINION*

HOWARD, Judge.

This appeal is from a summary judgment granted by the Boyd Circuit Court, dismissing a third-party complaint for indemnification in a slip-and-fall case. We affirm the summary judgment, though on somewhat different grounds from those relied on by the circuit court.

The appellant, Community Trust Bancorp, Inc. (hereinafter Community Trust), owns an office building in Ashland, Kentucky, and the appellee, C. David Mussetter, (hereinafter Mussetter) leased office space from Community Trust. On March 5, 2003, Mussetter's employee, Debra Meadows, was injured when she slipped on stairs in the common area of the building, which were wet from a leaking pipe in the stairwell. She filed workers' compensation and social security claims and she and her husband, Clyde Meadows, filed a personal injury suit against Community Trust. Community Trust thereafter filed a third-party complaint against Mussetter and his liability insurer, the appellee Ohio Casualty Company (hereinafter Ohio Casualty), asserting indemnity and breach of contract claims and seeking a declaration that it was entitled to coverage and a defense under Mussetter's liability insurance. The third-party claim was later bifurcated from the negligence action. Debra and Clyde Meadows entered into a settlement agreement with Community Trust and their claims were dismissed. For purposes of this appeal, the parties have conceded that Ms. Meadows' injuries resulted from the negligence of Community Trust.

1. Judge James I. Howard completed this opinion prior to the expiration of his appointed term of office on December 6, 2007. Release of the opinion was delayed by administrative handling.

2. Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

After discovery, Ohio Casualty filed a motion for summary judgment and Community Trust subsequently filed a cross-motion for summary judgment. At the hearing, Mussetter joined in Ohio Casualty's motion. The circuit court granted Ohio Casualty's motion for summary judgment and dismissed Community Trust's third-party complaint against both Mussetter and Ohio Casualty. The trial court determined that the provision in the Mussetter's lease that required him to obtain liability insurance for the building's public portions was "overly broad, vague, and against public policy. The court believes it literally impossible for the bank's tenants to obtain a liability policy with the provisions required by the bank's lease with Mussetter." The circuit court further determined that Mussetter had no intent "to enter into a Lease which would require purchase of the type of coverage required by the bank's Lease." This appeal followed.

Our standard of review of an order granting a summary judgment motion is as follows:

The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." The trial court "must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." While the Court in *Steelvest* [*, Inc. v. Scansteel Service Center, Inc.* (Ky.1991)] used the word "impossible" in describing the strict standard for summary judgment, the Supreme Court later stated that that word was "used in a practical sense, not in an absolute sense." Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*.

*Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001) (internal footnotes and citations omitted).

■ Community Trust asserts that the lease is unambiguous and requires Mussetter to indemnify it for damages from injuries sustained by Mussetter's employees or customers, including injuries in the common areas of its building, even if such injuries were caused by its (Community Trust's) own negligence. The construction and interpretation of the lease are questions of law and our standard of review is *de novo*. *See Caudill v. Acton*, 175 S.W.3d 617 (Ky.App.2004).

The pertinent portions of Mussetter's lease are as follows:

## ARTICLE I

### PREMISES; TERM

Lessor [Community Trust] hereby leases to Lessee [Mussetter] and Lessee hereby hires from Lessor space constituting approximately 1,009 gross square feet of the Community Trust Bank N.A. building known as Suite 912, 1544 Winchester Avenue, Ashland, Kentucky

(hereinafter called the Premises). The Premises are leased together with appurtenances, including the right to use in common with others the public entrances, public stairways, public elevators and other public portions of the building at 1544 Winchester Avenue.

ARTICLE VII

*ALTERATIONS; MAINTENANCE*

The Lessee shall be responsible for maintaining the interior of the Premises....

The Lessor shall be responsible for all maintenance work concerning the exterior of the Premises as well as the maintenance of all public portions of the building housing the Premises....

ARTICLE VIII

*INSURANCE*

During the term of this Lease the Lessee shall maintain liability insurance in amount reasonably sufficient to protect and indemnify the Lessee and Lessor against any and all claims for injury or damage to persons or property or for the loss of life or of property occurring upon, in or about the Premises, the public portions of the building used by the Lessee, its employees, agents, contractors, customers and invitees. All such insurance policies shall contain a provision whereby the insurer agrees not to cancel the insurance without twenty (20) days prior written notice to the Lessor. Any personal property in the Premises shall be kept at the risk of the Lessee only and Lessor shall not be liable for any damage to said personal property, or to said Premises, other than for damages resulting from the willful or negligent acts of the Lessor, its agents, employees or licensees. *The Lessee shall save the Lessor harmless at all times from any liability or damage on account of injury to employees, or to customers or to the general public and/or growing out of the occupancy of the said Premises by the Lessee, its repair or alteration, or through any defect in said Premises caused by Lessee, its agents or employees.* (Emphasis added.)

While the circuit court focused primarily on the obligation to provide insurance, we believe that it is the hold-harmless or indemnity language contained in this last quoted paragraph which controls our decision in this case. Community Trust correctly argues that in this jurisdiction, an indemnity contract can operate to indemnify a party against his own negligence. Such is not against public policy, *per se. See Fosson v. Ashland Oil & Refining Co.,* 309 S.W.2d 176 (Ky.1957); *cf.* Annot., 4 A.L.R.4th 798 (1981). However, the *Fosson* court also stated that "when there is a doubt as to the meaning of an indemnity clause the construction should be against the contention that the contract was meant to indemnify against an indemnitee's own negligence. We have said that every presumption is against such intention." 309 S.W.2d at 178, *citing Mitchell v. Southern Ry. Co.,* 124 Ky. 146, 74 S.W. 216 (1903).

■ We do not believe the indemnification clause in the lease at issue is so unambiguous as to require Mussetter to indemnify Community Trust for damages caused by its own negligence in the public areas in the building. The use of the term "and/or" in the last sentence of the clause compels this conclusion. Community Trust argues that the clause should be interpreted to require that Mussetter indemnify Community Trust if an injury occurs on the "premises," that is, the leased office suite; or if it occurs in the public areas, but in that case only if the injury "grow[s] out of the occupancy of the ...

premises." We agree that if this was the language used, such a provision would not be against public policy.

However, the actual language of the lease states, "The Lessee shall save the Lessor harmless ... from any liability ... on account of injury to employees, or to customers or to the general public *and/or* growing out of the occupancy of the said Premises by the Lessee...." (Emphasis added.) "And/or" is defined as "a function word to indicate that two words or expressions are to be taken together or individually." *Merriam–Webster's Collegiate Dictionary* (2003). In *Newlon v. Newlon,* 310 Ky. 737, 740, 220 S.W.2d 961, 963 (1949), the court stated that "[a]nd/or" means "'either *and* or *or.*'" (Emphasis in original.) Thus, the indemnification clause, read literally, appears to require Mussetter to indemnify Community Trust "from any liability ... on account of injury to employees, or to customers or to the general public," from any cause, in any location, and regardless of whether or not the damages arise from Mussetter's occupancy of his leased office suite. Such an indemnification clause is simply too broad and would be against public policy, as found by the circuit court.

We suspect that the interpretation of the indemnity clause urged by Community Trust is indeed what it intended when it drafted its lease agreement. But we cannot say that the lease unambiguously so provides, when the literal meaning of the words used is otherwise. We therefore hold that this indemnity clause is ambiguous, and should not be enforced against Mussetter, pursuant to *Fosson v. Ashland Oil & Refining Co., supra.* While we reach the same conclusion as the trial court, we do so on grounds separate from those expressed in its order. *See Richmond v. Louisville & Jefferson County MSD,* 572 S.W.2d 601 (Ky.App.1978).

Community Trust maintains that the lease is an "insured contract" under the Ohio Casualty policy, requiring Ohio Casualty to defend and indemnify it. We need not reach this issue since we hold that Mussetter has no duty to indemnify Community Trust for the injuries sustained by his employee in this case. Similarly, we need not address the argument that the trial court erred in considering Mussetter's affidavit, as to his "intent" in entering into the lease.

■ Finally, Community Trust asserts that its third-party complaint against Mussetter must be reinstated because he did not file a separate motion for summary judgment. Mussetter asserted his grounds for summary judgment and dismissal at the trial court hearing on the cross-motions for summary judgment and joined in the motion filed by Ohio Casualty. While better practice suggests that Mussetter should have filed his own motion, the trial court did not err in accepting his arguments at the hearing.

The summary judgment entered by the Boyd Circuit Court is affirmed.

ALL CONCUR.