CARTER, C.J.
[ gThis is an appeal of a summary judgment dismissing the third-party complaint of Defendant/Third-Party Plaintiff, American Construction Hoist, Inc. For the following reasons, the judgment of the district court is affirmed.

FACTS AND PROCEDURAL HISTORY

Robert Barnett, Jr., an employee of Bu-quet and LeBlanc, Inc. (“Buquet”), was fatally injured in Baton Rouge, Louisiana, while riding the top level of a construction hoist leased by Buquet but owned and installed by American Construction Hoist, Inc. (“ACHI”). Barnett’s parents (hereinafter referred to as “Plaintiffs”) filed a petition against ACHI alleging that the cause of their son’s injuries was the negligence of ACHI in installing, supplying, and/or renting its hoist. ACHI filed a third-party demand against Buquet and The Charter Oak Fire Insurance Co. (“Charter”) seeking defense and indemnification based on the terms of a rental agreement between Buquet and ACHI.[1]
ACHI filed a motion for partial summary judgment, requesting a partial final judgment declaring that Buquet was obligated to defend and indemnify it for the damages claimed by Plaintiffs. In support of its motion, ACHI claimed that a Kentucky choice of law provision in the rental agreement was enforceable and that under Kentucky law, the language in the rental agreement requiring Buquet to indemnify ACHI would be enforceable. In opposition to the motion, Buquet argued that Louisiana has a public policy against indemnification of a party for its sole negligence unless the indemnification agreement provides for such in unequivocal terms. Buquet stated that the indemnity provision in the rental | ¡¡agreement did not expressly require Buquet to indemnify ACHI for ACHI’s own fault as mandated by Louisiana law. Because Plaintiffs alleged only the fault of ACHI and because ACHI was seeking indemnity for its own fault, Buquet argued that the Kentucky choice of law provision was unenforceable as it was contrary to Louisiana’s choice of law rules that require the application of Louisiana law in proceedings where the public policy of Louisiana would be defeated by the application of another state’s laws.
After a hearing, the district court denied ACHI’s motion. In oral reasons for judgment, the district court explained that summary judgment was not appropriate because the application of Kentucky laws, under which the intent to indemnify a party for its own negligence need only be implied by the language of the indemnification provision, would be contrary to and would conflict with the law in Louisiana where it is against public policy to enforce an indemnification provision that does not express in unequivocal terms that the in-demnitor is liable for the sole negligence of the indemnitee. From this ruling, ACHI applied for supervisory writs to this court and .the Louisiana Supreme Court. This court denied the writ application. See Barnett v. American Construction Hoist, Inc., 10-1529 (La.App. 1 Cir. 11/15/10) (unpublished). The Louisiana Supreme Court also denied ACHI’s writ application. See Barnett v. American Construction Hoist, Inc., 10-2761 (La.2/4/11), 57 So.3d 316.
Thereafter, Buquet filed a motion for summary judgment seeking dismissal of ACHI’s third-party demand. The district *348 court granted Buquet’s motion and stated in oral reasons that the indemnity provision in the rental agreement is not enforceable as it is against public policy in Louisiana. The district court then signed a judgment granting Buquet’s motion, dismissing ACHI’s third-party |4demand against Buquet and Charter with prejudice, and assessing costs to ACHI. The court designated the judgment as a final judgment pursuant to Louisiana Code of Civil Procedure article 1915. It is from this judgment that ACHI appeals.
On appeal, ACHI argues (1) that the district court erred in granting Buquet’s motion for summary judgment and failing to find Buquet is obligated to defend and indemnify ACHI for the damages claimed by Plaintiffs; and (2) that the district court erred in failing to find that Buquet is obligated to pay for all attorney fees and costs incurred on behalf of ACHI.

STANDARD OF REVIEW

Appellate courts review summary judgment de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Dean v. Griffin Crane & Steel, Inc., 05-1226 (La.App. 1 Cir. 5/5/06), 935 So.2d 186, 189, writ denied, 06-1334 (La.9/22/06), 937 So.2d 387. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits in the record show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. Ann. art. 966 B. When a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law, and summary judgment is appropriate. Dean, 935 So.2d at 189.

DISCUSSION

The contract at issue is a rental agreement between ACHI and Buquet. The rental agreement sets forth the following provisions concerning indemnification and choice of law, which form the central issues of this appeal:
I,.INDEMNITY AND INSURANCE: Lessee shall defend, indemnify and hold forever harmless Lessor, its affiliated companies and their officers, agents, and employees from and against all loss, liability, and expense by reason of any violation of any rule, regulation or law, and by reason of bodily injury including death, and property damage, sustained by any person or persons, including but not limited to Lessee’s employees, as a result of the use or operation or daily maintenance of Equipment.
APPLICABLE LAWS: If any provisions hereof conflict with any statute or rule of law of any jurisdiction wherein it may be sought to be enforced, then such provision shall be deemed null and void to the extent that they may conflict therewith, but without invalidating the remaining provisions thereof. For questions of filing or recording as well as for all other respects, this agreement shall be governed by and construed according to the laws of the state of Kentucky....

Assignment of Error 1

In its first assignment of error, ACHI argues that the district court erred in granting Buquet’s motion for summary judgment because Buquet is bound to defend and indemnify it under the terms of the rental agreement. In support of this argument, ACHI contends that the indemnity provision does not violate Louisiana’s public policy, Kentucky law applies pursuant to a choice of law provision, and Bu- *349 quet is obligated to defend and indemnify ACHI under Kentucky law.

Application of Kentucky Law

ACHI contends that the district court erred in not applying Kentucky law to the indemnity provision of the rental agreement. It is well established that where parties stipulate the state law governing the contract, Louisiana conflict of laws principles require that the stipulation be given effect, unless there is statutory or jurisprudential law to the contrary or public policy considerations justifying the refusal to honor the contract as written. La. Civ.Code Ann. art. 3540; Mobil 6Exploration & Producing U.S., Inc. v. Certain Underwriters Subscribing to Cover Note 95-3317(A), 01-2219 (La.App. 1 Cir. 11/20/02), 837 So.2d 11, 42-43, writs denied, 03-0418 (La.4/21/03), 841 So.2d 805, and 03-0417, 03-0427, 03-0438 (La.5/16/03), 843 So.2d 1129-30. A choice of law provision in a contract is presumed valid until it is proved invalid. Mobil Exploration, 837 So.2d at 43. The party seeking to prove such a provision invalid bears the burden of proof. Id.
Buquet argues that the choice of law provision is unenforceable under Louisiana Civil Code article 3540, which provides, “[a]ll other issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537.” Revision comments to Article 3540 explain that the application of the chosen law is subject to limitations imposed by the public policy of the state whose law would otherwise apply. La. Civ.Code Ann. art. 3540, cmt. (f). Parties may not, by simply choosing another law, evade the public policy of the state whose law would have been applicable to the issue but for the parties’ choice. Id.
ACHI argues that Kentucky law should be applied because there is no public policy in Louisiana disfavoring indemnity provisions that indemnify an indemnitee for his own negligence. However, in Berry v. Orleans Parish School Board, 01-3283 (La.6/21/02), 830 So.2d 283, 286, the Louisiana Supreme Court expressly recognized that there is public policy in Louisiana “disfavoring indemnification of a party solely responsible for causation.”
Under Louisiana law, a contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses |7resulting to him through his own negligent acts unless such an intention is expressed in unequivocal terms. Berry, 830 So.2d at 285. This court expressed the basis for this principle over forty years ago in Arnold v. Stupp Corporation, 205 So.2d 797, 799 (La.App. 1st Cir.1967), writ not considered, 251 La. 936, 207 So.2d 540 (1968): “[Gjeneral words alone, i.e., ‘any and all liability’, do not necessarily import an intent to impose an obligation so extraordinary and harsh as to render an indemnitor liable to an indemnitee for damages occasioned by the sole negligence of the latter.”
Conversely, under Kentucky law, a contract provision requiring a party to indemnify another party for the indemnitee’s sole negligence need not be expressed in unequivocal terms. See Reynolds Metals Company v. J.U. Schickli & Bros., Inc., 548 S.W.2d 841, 842 (Ky.1977); Fosson v. Ashland Oil & Refining Company, 309 S.W.2d 176, 178 (Ky.1957).
The public policy of Louisiana would be defeated by the application of Kentucky’s law. Thus, the district court’s refusal to apply the choice of law provision in the *350 rental agreement was clearly justified. Accordingly, we conclude the district court did not err in refusing to apply Kentucky law to the instant suit.

Defense and Indemnification

While it is true that the indemnity provision in the rental agreement obligates Buquet to indemnify ACHI “from and against all loss, liability, and expense by reason of any violation of any rule, regulation or law, and by reason of bodily injury including death ... sustained by any person or persons ... as a result of the use or operation or daily maintenance of Equipment,” that sentence does not expressly and unequivocally include liability for ACHI’s own negligence or fault within that obligation. The agreement does not make clear that Buquet was | ^obligated to assume responsibility for injuries caused solely by the negligent acts of ACHI.
ACHI prepared and furnished the rental agreement and easily could have supplied the necessary unequivocal terms in the contract making it clear that Buquet was obligated to indemnify ACHI for liability arising from the latter’s sole negligence. The indemnity provision does not include such terms. Accordingly, no indemnity is owed to ACHI by Buquet under Louisiana law.
We have conducted a de novo review of the record in this case and agree with the district court that Buquet is entitled to judgment as a matter of law. Because application of Kentucky law would defeat Louisiana’s public policy disfavoring indemnification for an indemnitee’s sole negligence, the Kentucky choice of law provision is not enforceable. There is an absence of unequivocal terms expressing a clear intent of the parties that Buquet would assume responsibility for ACHI’s sole negligence as required under Louisiana law. Therefore, no indemnity is owed as a matter of law under the facts of this case. The district court did not err in granting Buquet’s motion for summary judgment.

Assignment of Error 2

ACHI argues in its second assignment of error that it is entitled to recover attorney fees and costs from Buquet as its indemnitor under the terms of the rental agreement. Because we find Buquet does not owe a duty to defend and indemnify ACHI, we find no merit in this assignment of error.

CONCLUSION

For the foregoing reasons, the judgment of the district court granting Buquet and LeBlanc, Inc.’s motion for summary judgment is affirmed. Costs of this [flappeal are assessed to Defendant/Third-Party Plaintiff/Appellant, American Construction Hoist, Inc.
AFFIRMED.

. Charter moved for summary judgment, which the district court granted, dismissing with prejudice all claims brought by ACHI against Charter. ACHI dismissed its appeal of that judgment. See Barnett v. American Construction Hoist, Inc., 11-1260 (La.App. 1 Cir. 8/22/11) (unpublished).